■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ALLEN UTZ, Appellant.— Appeal from a judgment of the County Court of Cortland County, rendered March 27, 1972, convicting defendant, on his plea of guilty, of criminal possession of a dangerous drug, fifth degree. Appellant was indicted on a two-count indictment charging him with criminally selling a dangerous drug, fourth degree (Penal Law, § 220.30) and criminal possession of a dangerous drug, fifth degree (Penal Law, § 220.10). He was duly arraigned and counsel assigned. On June 4, 1970 the court, in the presence of the defendant and counsel, directed an investigation to determine appellant's eligibility for treatment as a youthful offender, and on June 19, 1970 the court determined appellant was eligible for such treatment following the necessary consent by appellant and his counsel. A plea of not guilty was then entered and the matter adjourned for trial. On the return date appellant failed to appear, nor did he appear on a subsequent trial date. On February 4, 1971 the court on its own motion revoked and rescinded appellant's eligibility for youthful offender treatment, directed that the indictment be unsealed and appellant be treated as an adult. An order was entered to this effect and, on March 18, 1971, a further order was entered revoking bail and issuing a bench warrant.

Approximately a year later appellant returned to the jurisdiction and pled guilty to the second count of the indictment in full satisfaction thereof. On March 27, 1972 he was sentenced to a reformatory term and committed to the Elmira Reception Center. On this appeal appellant contends (1) that the court lacks the power to revoke youthful offender eligibility once it is granted, (2) it abused its discretion when it failed to grant youthful offender treatment and (3) the sentence imposed was harsh and excessive. The court originally determined that appellant was "eligible" for youthful offender treatment under the provisions of section 913-g of the former Code of Criminal Procedure. Such a determination, of course, is discretionary with the court (*People* v. *Wheeler*, 36 A D 2d 662; *Matter of Tschornyi* v. *County Ct. of County of Tompkins*, 283 App. Div. 910, mot. for lv. to app. den. 307 N. Y. 942), and in the exercise thereof remains the inherent right to revoke that determination, either under prior or existing law (Code Crim. Pro., § 913-g; CPL 720.20). As to the sentence imposed, we find no reason to interfere with the studied judgment of the sentencing court (*People* v. *Wheeler, supra*; *People* v. *Caputo*, 13 A D 2d 861). Judgment affirmed. Staley, Jr., J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.